# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND MIMS, | CV F 06 0711 OWW LJO P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED AND PLAINTIFF BE REQUIRED TO PAY FILING FEE  (Doc. 4.) |
| v. | |
| SANCHEZ, et. al., | |
| Defendants. | |

Demond Mimms  ("Plaintiff"), an inmate currently incarcerated at Corcoran State Prison, Corcoran, California, is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on June 8, 2006.   Plaintiff alleges an Eighth Amendment medical claim for the alleged refusal to prescribe him supplements for anemia which Plaintiff believes he needs. (Complaint at 2.)   Plaintiff also states that he believes he has hemophilia and wants medical testing.  Plaintiff is seeking injunctive and monetary relief.

**A. IN FORMA PAUPERIS STATUS**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation without the full prepayment of costs and fees.  28 U.S.C. § 1915(a)(2).  The Prison Litigation Reform Act ("PLRA"), however, amended Section 1915 to preclude the privilege of

proceeding in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.§ 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 116 n.1 (9th Cir. 2005).  "Pursuant to § 1915(g), a prisoner with three strikes cannot proceed IFP." Id.  The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997.)

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." Andrews, 398 F.3d 1t 116 n.1.  Thus, once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other action in forma pauperis in federal court unless he is in "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g).[1]

The PLRA does not require a prisoner to demonstrate that § 1915(g) does not bar his request to proceed IFP. Andrews, 398 F.3d at 119.  In some instances "the district court docket records may be sufficient to show that a prior dismissal satisfies at least one fo the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.  When applying 28 U.S.C. § 1915(g) the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under §1915(g)." Id. at 1121.

**B.  APPLICATION OF 28 U.S.C. § 1915(g)**

As a preliminary matter, the Court notes that Plaintiff has alleged no facts that show he is

---

[1] The Ninth Circuit has held that Section 1915(g) does not violate a prisoner's right of access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. Rodriguez v. Cook, 169 F.3d 1176, 1179-82 (9th Cir. 1999); see also Andrews, 398 F.3d at 1123 (nothing constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise of § 1915(g) were applied to preclude those prisoners who filed actions who were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP."

1  in imminent injury of serious physical injury.  See, 28 U.S.C. § 1915(g); Rodriguez v. Cook, 169
2  F 3d. 1176, 1178 (9th Cir. 1999.)  Plaintiff may not proceed in forma pauperis under Section 1915
3  if he has, on three prior occasions while incarcerated, had federal civil actions or appeals
4  dismissed as frivolous, malicious or for failing to state a claim.  See, 28 U.S.C. § 1915(g);
5  Andrews, 398 F.3d at 1119-20; Rodriguez, 169 F.3d at 1178.

6  In addition, "a court may take notice of proceedings in other courts, both within and
7  without the federal judicial system, if those proceedings have a direct relation to matters at
8  issue."  United States ex rel. Robingson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d
9  244, 248 (9th Cir. 1992).

10  Here, the Court takes judicial notice of the following civil actions filed by Plaintiff and
11  dismissed in this Court for Plaintiff's failure to state a claim upon which relief can be granted:
12  Mims v. George, CV F 05-0089 REC DLB P (Dismissed for failure to state claim on June 10,
13  2005);  Mims v. Galaza, CV F 05-142 REC WMW P (Dismissed for failure to state claim on
14  November 9, 2005); and Mims v. Petruchelli, CV F 05-144 REC DLB P (Dismissed for failure to
15  state a claim on April 7, 2005.)

16  Accordingly, because Plaintiff has, while incarcerated and prior to the initiation of this
17  action, accumulated three "strikes" pursuant to § 1915(g), and does not presently allege facts
18  sufficient to show that he is under imminent danger of serious physical injury, the Court
19  RECOMMENDS that Plaintiff's Application to Proceed In Forma Pauperis be DENIED and that
20  Plaintiff be required to pay the filing fee of $350.00 in full before he can proceed with this action.

21  **C. RECOMMENDATION**

22  Based on the above, the Court finds that Plaintiff has suffered three or more dismissals
23  within the meaning of Section 1915(g) of the Prison Litigation Reform Act.  In addition, the
24  Court has examined the Complaint finds that the case presents no facts from which an inference
25  can be drawn that Plaintiff is under any continuing or imminent danger of serious physical injury
26  at the time the action was filed.  28 U.S.C. § 1915(g); Tierney v. Kupers, 128 F.3d 1310, 1311
27  (9th Cir.1997).  Accordingly, the Court HEREBY RECOMMENDS:
28       1.       That the Application to Proceed In Forma Pauperis be DENIED;

3

2.  That Plaintiff be required to tender the filing fee of $350.00 within ten (10) days of the date the District Court issues its Order if that Order denies Plaintiff's Application to Proceed In Forma Paupers.

  The Court FURTHER ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within TWENTY (20) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  August 22, 2006**        **/s/ Lawrence J. O'Neill**
b9ed48               UNITED STATES MAGISTRATE JUDGE