IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND MIMS,  )<br>  )<br>          Plaintiff,  )<br>  )<br>      vs.  )<br>  )<br>SANCHEZ, et al.,  )<br>  )<br>          Defendants.  )<br>_____ ) | 1:06-CV-00711-OWW-LJO-P<br><br>ORDER DISMISSING CASE FOR<br>FAILURE TO OBEY A COURT ORDER<br><br>ORDER DIRECTING CLERK OF COURT<br>TO ENTER JUDGMENT |

On October 4, 2006, this Court issued an Order adopting the Findings and Recommendations of the Magistrate Judge to deny Plaintiff's Application to Proceed In Forma Pauperis and require Plaintiff to pay the $350.00 filing fee for this action within ten (10) days of the date of service of the order. The ten (10) day period has now expired, and plaintiff has not paid the filing fee or otherwise responded to the Court's Order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power

to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262;

1  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Findings and Recommendations issued
2  by the Magistrate Judge informed Plaintiff that he would be required to tender the filing fee in full
3  before the Court would proceeding with his case.  Thus, Plaintiff had adequate warning that the
4  Court would not proceed without his payment of the filing fee.
5           To date, Plaintiff has not filed Objections to the Findings and Recommendations and
6  also did not submit the filing fee in full.  Accordingly, the Court HEREBY ORDERS:
7       1.      This action is DISMISSED for Plaintiff's failure to pay the filing fee as directed by
8               the Court by Order dated October 4, 2006.
9       2.      The Clerk of Court is DIRECTED to enter judgment in accordance with this Order.
10              This Order terminates the action in its entirety.
11 IT IS SO ORDERED.
12 **Dated:    November 1, 2006**                    **/s/ Oliver W. Wanger**
   emm0d6                                            UNITED STATES DISTRICT JUDGE